UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LYNNE GOKEY, et al., : NO. 1:10-CV-00733
    Plaintiffs, :
:
:
    v. : **OPINION AND ORDER**
:
STRYKER CORPORATION, et al., :
:
    Defendants. :

    This matter is before the Court on Defendants' Motion to Transfer to Judge Barrett (doc. 11), Plaintiffs' Response in Opposition (doc. 14), and Defendants' Reply (doc. 15). For the reasons indicated herein, the Court DENIES Defendants' Motion.

    On November 3, 2010, the undersigned and U.S. District Judge Michael Barrett agreed that this matter is related to two cases on this Court's docket, Clonch v. I-Flow Corp, 1:10-CV-00348, and Lefker v. I-Flow Corp., 1:10-CV-00350, such that this matter is properly on this Court's docket (doc. 7). This case was therefore reassigned from Judge Barrett to the undersigned for all further proceedings (Id.).

    In their present motion, Defendants challenge such determination, contending the transfer was made based on Plaintiffs' designation on the civil cover sheet, and not based on Local Rule 3.1(b) (doc. 11). Such rule allows for the Court to deem civil cases related if any of four conditions are met: 1) if the cases arise from the same or substantially identical

transaction, happening, or event; or 2) the cases call for a determination of the same or substantially identical questions of law or fact; or 3) the cases would entail a substantial duplication of effort and expertise by the Court and the parties if heard by different judges; or 4) the cases seek relief that could result in a party's being subject to conflicting orders of this Court.  Local Rule 3.1(b).

This case, Clonch, and Lefker are all products liability actions related to pain pumps Defendants manufactured and marketed, allegedly for use of continuous infusion of anesthestics in joint space, contrary to Food and Drug Administration denial of clearance for such use.  Defendants argue their pain pumps are different from I-Flow's pumps, and they were implanted by different surgeons at different times in different Plaintiffs (doc. 11).  They further contend the cases do not call for the determination of substantially identical questions of law and fact, and that liability will depend on what these different Defendants knew, and when (Id.).

Plaintiffs respond that they all developed permanent destruction in their joints as a result of the continuous infusion of local anesthetics from pain pumps (doc. 14).  They indicate the legal theories of the cases are identical, and that they will introduce the same generic experts, who will present the same testimony for each Plaintiff (Id.).  Defendants reply, accusing

Plaintiffs of gamesmanship, judge shopping, and speculation (doc. 15).

Having reviewed this matter, the Court does not find Defendants' motion well taken.  The pain pump cases involve substantially similar questions of law and fact, as evidenced by Plaintiffs' use of the same generic experts in each case.  Each case is based on the allegations that Defendants applied for and were denied FDA clearance for use in the joint space, but proceeded to market their products for such use without any safety testing or warnings.  These facts show the cases satisfy Local Rule 3.1(b), and are properly deemed related.

Accordingly, the Court DENIES Defendants' Motion to Transfer to Judge Barrett (doc. 11).


SO ORDERED.


Dated: January 5, 2011          /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge